UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARRELL WIMBERLY, a/k/a/
Darrel Wimberly,

                        Petitioner,

    -against-                                            9:14-CV-1587 (LEK/DJS)

WILLIAMS,

                        Respondent.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on December 9, 2016, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 23 ("Report-Recommendation"). Pro se petitioner Darrell Wimberly timely filed Objections. Dkt. No. 24 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Wimberly objects to the Report-Recommendation on several grounds. First, he argues that his time-barred petition should nevertheless receive review because he is actually innocent. Objs. at 2–6. He suggests that relevant trial testimony establishes his innocence. Id. at 3–4. But the actual innocence exception to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to "present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 299, 327–28 (1995)). As Judge Stewart correctly observed, Wimberly "has not presented any new evidence of his innocence; [his] claim is essentially that his conviction was against the weight of the evidence." Rep.-Rec. at 12. That is not enough to establish actual innocence.

Second, Wimberly argues that Judge Stewart erred in noting that the statute of limitations bars consideration of the petition before he considered the actual innocence exception. Objs. at 8.

Instead, Wimberly contends, Judge Stewart should have first evaluated his actual innocence claim and then considered whether the statute of limitations applied. Id. That cannot be right. The actual innocence exception is just that—an exception. Judge Stewart would have had no reason to consider the applicability of the exception unless he had first determined that the petition was otherwise time barred. Wimberly cites Whitley v. Senkowski, 317 F.3d 223 (2d Cir. 2003), for the proposition that Judge Stewart got the order of operations wrong. Objs. at 8. Wimberly appears to be referring to a quotation in Whitley from Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1218 (11th Cir. 2000), in which the court said that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." This has nothing to do with Wimberly's objection. It is simply an application of the doctrine of constitutional avoidance, which counsels that courts "ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." Spector Motor Serv. v. McLaughlin, 323 U.S. 101, 105 (1944). This objection is therefore not well taken.

      Third, Wimberly claims that equitable tolling is warranted because he "was experiencing very serious health-related problems during the [relevant] period." Objs. at 9. But "a petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling." Rhodes v. Senkowski, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000). The petitioner must instead provide "a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). Wimberly has not come close to satisfying his burden here. He has not specified the health problems that he allegedly experienced during the relevant time period. Nor

has he "shown that any of [his] conditions, whether taken separately or cumulatively, rendered him incapable of filing a habeas petition during the limitations period." Williams v. Breslin, No. 03-CV-1848, 2004 WL 2368011, at *9 (S.D.N.Y. Oct. 20, 2004). Thus, the Court will not equitably toll the statute of limitations on this ground.

Fourth, Wimberly seeks equitable tolling on the ground that "[t]he prison facilities did not have inmate law library clerks knowledgeable in federal litigation of federal habeas corpus petitions." Objs. at 9. Unfortunately for Wimberly, "difficulty obtaining assistance in legal research from other prisoners or prison staff . . . is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations." Martinez v. Kuhlmann, No. 99-CV-1094, 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999). Wimberly also argues that there was no "type of posting" about AEDPA's statute of limitations in the law libraries he had access to. Objs. at 9–10. But "[t]he fact that the petitioner may not have known about the one-year statute of limitations for filing a federal habeas petition does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition." Niblack v. Brighthaupt, No. 12-CV-1740, 2016 WL 1092436, at *5 (D. Conn. Mar. 21, 2016). Accordingly, this objection is meritless.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 23) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Wimberly's Petition (Dkt. No. 1) is **DENIED** as untimely under 28 U.S.C. § 2244(d); and it is further

4

**ORDERED**, that no Certification of Appealability ("COA") will be issued because Wimberly has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals pursuant to Fed. R. App. P. 22(b); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 22, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge